IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

BELINDA JACKSON )
    Plaintiff, )
)
v. ) Civil Action No. TMD 08-3472
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND

Belinda Jackson[1] ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 14), Defendant's Motion for Summary Judgment (Def.'s Mot. Summ., ECF No. 22), and Plaintiff's Response to Defendant's Motion for Summary

---

[1] Ms. Jackson died on January 11, 2010 and Tomeika Bell, Personal Representative of Ms. Jackson's Estate was substituted as Plaintiff on May 20, 2010 by Order of Court.

1

Judgment (Pl.'s Resp., ECF No. 25). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's alternative Motion for Remand is Granted.

I. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on April 6, 2004 alleging disability since February 1, 2004 on the basis of asthma. R. at 17, 59-61, 65, 178-81. Her claim was denied initially and on reconsideration. R. at 46-48, 52-53, 182-84, 189-90. On June 27, 2005, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 28-43. Plaintiff was represented by counsel. In a decision dated October 24, 2005, the ALJ denied Plaintiff's request for benefits. R. at 14-24. The Appeals Council denied review on May 30, 2006, R. at 6-8, and the Plaintiff appealed to this Court. The Court reversed and remanded the case for further proceedings , and the Appeals Council issued its Order remanding the case to the ALJ on August 16, 2007. R. at 219-23.

A supplemental hearing was held on July 1, 2008 at which Plaintiff and a VE testified. R. at 364-74. By decision dated October 9, 2008, the ALJ again denied Plaintiff's claims. R. at 196-205. This became the final decision of the Commissioner subject to judicial review.

II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, §416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairment: asthma. At step three, the ALJ found that her impairment did not meet or equal the Listings of Impairments set forth in

20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is not capable of performing her past relevant work. At step five, the ALJ concluded that given her residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. Accordingly, he concluded that Claimant was not disabled within the meaning of the Social Security Act. R. at 196-205.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff contends that (1) the ALJ erroneously assessed the Plaintiff's RFC; (2) the ALJ erroneously relied upon the testimony of the VE; and (3) the ALJ erroneously assessed Plaintiff's subjective complaints.

A.  RFC

In support of her RFC argument, Plaintiff asserts that the ALJ failed to include any limitation or restriction in his RFC with respect to Plaintiff's asthma. The Commissioner does not argue that the ALJ, in fact, did find such limitations but rather that even if she does possess environmental limitations with respect to her asthma, she could still perform the jobs identified by the VE. The Court rejects the Commissioner's argument.

At the outset, the Court agrees with the Plaintiff that the argument advanced by the Commissioner is a post-hoc rationalization. We confine our review to the reasons offered by the ALJ and will not consider post-hoc rationalizations that the Commissioner provides to supplement the ALJ's assessment of the evidence. *See SEC v. Chenery Corp.,* 318 U.S. 80, 93-95 (1943); *Golembiewski v. Barnhart,* 322 F.3d 912, 915-16 (7th Cir.2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); *Steel v. Barnhart,* 290 F.3d 936 (7th Cir.2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ.").

It is undisputed that the ALJ found Plaintiff's asthma to constitute a severe impairment

4

at step two of the sequential evaluation. R. at 201. It is also undisputed that the ALJ did not specifically articulate any limitations relating to this impairment in his RFC. This is particularly troublesome given that this was one of the precise issues that mandated a remand of the matter in the first place. R. at 221.[2] The ALJ's failure to explain his rationale for not including any limitations despite evidence in the record to the contrary leaves the Court to find that his decision is not supported by substantial evidence.

The Court notes the opinion of Dr. Robert Ball who found Plaintiff suffered from asthma, hypertension, chronic obstruction pulmonary disorder and chronic bronchitis. R. at 135. He found that Claimant should avoid more than occasional exposure to extreme cold and heat, humidity, noise and heights and avoid all exposure to chemicals, dust and fumes/odors. R. at 136. The ALJ gave Dr. Ball's opinion little weight as it contrasted "sharply" with other evidence of record and is without substantial support from the other evidence in record. R. at 204. The ALJ provided nothing more by way of rationale and the Court does not find that Dr. Ball's opinion is, in fact, in "sharp contrast" with other evidence in the record. Clearly, opinions from other physicians similarly found Claimant to suffer from both asthma and chronic obstruction pulmonary disorder and chronic bronchitis . For example, on June 18, 2004, Dr. Peter Hamm examined Plaintiff for her treatment of asthma and physical examination revealed significant wheezing and rhonci bilaterally but otherwise unremarkable. R. at 202. Similarly, examination by Dr. Riad Dakheel on September 27, 2004 led to a diagnosis of persistent

---

[2] This Court has previously stated that it will not remand a case based solely on the fact that the ALJ did not follow the dictates of the remand Order. Rather, regardless of whether the ALJ fully complied with the Appeals Council's

5

bronchial asthma and testing consistent with chronic obstructive pulmonary disorder. R. at 203. On October 23, 2004, Claimant was seen by Dr. Ali Abrishami who also found her to suffer from bronchial asthma, chronic obstructive pulmonary disease due to tobacco smoking, and possible airways remodeling due to severe longstanding asthma. *Id.*

Significantly, Dr. Ball's opinion that Claimant should avoid more than occasional exposure to extreme cold and heat, humidity, noise and heights and avoid all exposure to chemicals, dust and fumes/odors is also consistent with the opinion of Dr. Vereen who, in July, 2006, opined that Claimant should never be exposed to extreme cold and heat, humidity, chemicals, dust and fumes/odors as they would "easily trigger an asthma attack." R. at 326. While the ALJ summarizes the opinion of Dr. Vereen, nowhere in the opinion does the ALJ indicate what weight, if any, he affords this opinion. The Court is left to guess whether the ALJ simply ignored it or affirmatively decided to afford it no weight as he did with respect to the opinion of Dr. Ball.

In addition, Claimant underwent a consultative examination with Dr. Linda Sloan on January 26, 2008 at the request of Maryland Disability Determination Services. R. at 353. Dr. Sloan noted that during examination, Claimant experienced respiratory wheezes and became fairly winded just moving around the room. R. at 355-56, 357. Dr. Sloan opined that Claimant could never tolerate exposure to unprotected heights, humidity and wetness, dusts, odors, fumes and pulmonary irritants, extreme cold, and extreme heat. R. at 361. Interestingly, while the

---

remand order, judicial review is limited to the question whether the ALJ's decision is supported by substantial

ALJ noted Dr. Sloan's examination and, in fact, summarized her findings with respect to lifting, standing and sitting, he seemingly ignored her findings regarding Claimant's environmental limitations. R. at 203.

As the above discussion of evidence amply demonstrates, the Court cannot find that the ALJ's failure to include any limitation or restriction in his RFC with respect to Plaintiff's asthma is supported by substantial evidence. Moreover, as indicated above, the Commissioner's attempt to argue that the ALJ's failure in this regard constitutes harmless error is likewise rejected. On remand, the ALJ is required to fully assess all of the evidence regarding environmental limitations Claimant possessed based on her asthma. If the ALJ rejects those limitations, he is required to provide a detailed analysis of those reasons citing objective medical evidence in the record.[3]

V. Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED. A separate order shall issue.[4]

---

evidence and reflects application of the correct legal standards. As discussed above, here, it is not.
[3] To the extent the ALJ finds Claimant possessed environmental limitations, those limitations must be considered in connection with any additional VE testimony regarding the existence of occupations available in the economy.
[4] In light of the Court's disposition of this case, the Court need not address the remaining issues raised by Plaintiff.

7

Date: February 24, 2011                              _____/s/_____
                                                     THOMAS M. DIGIROLAMO
                                                     United States Magistrate Judge


Copies to:
Stephen Shea, Esq.
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692